UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER W. ROGERS,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 07-315-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[2] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[3]

**I.**

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") erred by failing to properly evaluate Plaintiff's credibility;
2. Whether the ALJ accorded proper weight to the opinions of Plaintiff's treating and consultative sources;[4] and
3. Whether the ALJ properly determined that the Plaintiff had no non-exertional impairments sufficient to require vocational expert ("VE") testimony.

(JS at 3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as

---

[4] The Court has combined the analysis of disputed issues 2 (Whether the ALJ gave proper weight to the findings of the treating physician), 3 (Whether the ALJ improperly rejected the treating physicians for lack of objective evidence), and 4 (Whether the ALJ improperly gave more weight to the consulting physicians) in this section.

supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

### A. The ALJ Properly Evaluated Plaintiff's Credibility.

Plaintiff contends the ALJ failed to properly assess Plaintiff's credibility. (JS at 3.) In particular, Plaintiff claims that the ALJ improperly rejected Plaintiff's subjective complaints of disabling gastrointestinal impairments and severe depression. (Id. at 4, 8.) Plaintiff further contends that the ALJ improperly made an adverse credibility determination based on Plaintiff's non-medical statements and sources. (Id. at 6.)

#### 1. The ALJ Properly Rejected Plaintiff's Subjective Complaints.

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting the subjective pain testimony. (Id. at 4, 8.) Defendant argues that there exists no objective medical evidence to support Plaintiff's subjective complaints of disability gastrointestinal impairments. (Id. at 8.) Defendant further argues that the ALJ provided specific, clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's subjective symptoms of disabling gastrointestinal impairments and severe depression.[5] (Id. at 8-13.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily

---

[5] As to the plausibility of Plaintiff's complaints of severe depression, the ALJ relied upon several medical opinions to discount Plaintiff's complaints. (AR 21-22.) The Court addresses Plaintiff's complaints of severe depression in its discussion of whether proper reliance was afforded upon Plaintiff's treating and examining sources. See infra Part III, Section B.

3

reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, inter alia, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

Here, the ALJ based his adverse credibility determination on the observations of the examining sources as to the lack of plausibility of Plaintiff's subjective gastrointestinal complaints. (AR at 21-22.) Specifically, the ALJ found no objective medical evidence in the record to support Plaintiff's subjective complaints. (Id.) To substantiate this finding, the ALJ relied in part on an internal medical evaluation performed by Plaintiff's worker's compensation physician, Dr. Jens W. Dimmick, on November 8, 2004. (Id. at 21-22, 260-89.) The ALJ stated:

> The claimant had a normal computerized tomography of the abdomen on November 25, 2003. The results of an upper and lower gastrointestinal series done in 2003 showed no evidence of any abnormalities. The claimant had a history of peptic ulcer disease, but it was noted to be resolved in an endoscopy that was done in April 2004.

(Id. at 21 (citations omitted).) Dr. Dimmick also ordered a barium enema, which "showed some congenital malrotation of no reported clinical significance." (Id. at 22, 225, 273.) Additionally, the upper endoscopy performed in April 2004 by another worker's compensation doctor, Dr. George Spellman, revealed and resolved a small 2.5 centimeter ulcer in the bulb of the duodenum. (Id. at 22, 226, 262-63.) Dr. Dimmick provided "no evidence of bleeding, no necessity for surgical correction, and [the peptic ulcer] was amenable to control with acid suppressing medications." (Id. at 22, 260-89.) The ALJ stated, "There is no objective evidence to support the multiple gastrointestinal complaints of the claimant." (Id. at 22.) Further, the ALJ noted that Plaintiff inexplicably ceased all treatment for gastrointestinal complaints from November 2004 through August 12, 2005. (Id. at 21, 261-68, 322-66.) This nine-month discontinuity in Plaintiff's treatment supports the ALJ's adverse credibility determination. Thomas, 278 F.3d at 958; see also Smolen, 80 F.3d at 1284. Based on the foregoing, the ALJ

properly discounted Plaintiff's credibility by specifically noting a lack of objective medical evidence to support Plaintiff's subjective gastrointestinal complaints and an unexplained cessation in Plaintiff's treatment. See Cotton, 799 F.2d at 1407; Thomas, 278 F.3d at 958; Smolen, 80 F.3d at 1281-84; Dodrill, 12 F.3d at 918; Bunnell, 947 F.2d at 343.

**2.     The ALJ Properly Made an Adverse Credibility Determination Based on Non-Medical Statements and Sources.**

Social Security Ruling ("SSR") 96-7p provides factors that may be considered to determine a claimant's credibility such as:

1) the individual's daily activities;

2) the location, duration, frequency, and intensity of the individual's pain and other symptoms;

3) factors that precipitate and aggravate the symptoms;

4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work." Further, the Ninth Circuit has repeatedly held that "[d]escriptions by

friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467.

Here, the ALJ based his adverse credibility determination on the observations of the Plaintiff's spouse. (AR at 20-21.) Specifically, the ALJ stated:

> The claimant's spouse reported that the claimant was alone during the workweek because she was not home all day. She stated that his activities were not normal based solely on the side effects of anti-depressants. Even though the claimant's spouse admitted that the claimant was home alone during the entire workday, she alleged he did nothing for himself and needed to be reminded to do everything. She alleged the claimant would not eat if he was not encouraged to eat. These statements are not consistent. The claimant has no noted weight loss despite allegations that he does not eat and he has lost weight. It is also logical to assume that if the claimant is home all day alone he does all of his self-care and cooking. The spouse reported that the claimant watered the lawn, did the laundry, used the computer, watched television, traveled in a car, on foot and used public transportation.

(Id. at 20-21, 87-95.) The ALJ provided specific reasons to reject the spouse's

testimony regarding the severity of Plaintiff's subjective symptoms. Smolen, 80 F.3d at 1273 (citing Dodrill, 12 F.3d at 918). In particular, the ALJ noted that Plaintiff had no observed weight loss (AR at 20-22, 285, 349), and that the spouse indicated that Plaintiff performed several household chores (id. at 20-21, 89).

Additionally, at the hearing, the ALJ asked a multitude of questions to determine Plaintiff's daily activities. Plaintiff responded that he had no daily activities except watching the grass grow. (Id. at 395.) Relying upon the spouse's description of Plaintiff's household chores and travel ability, the ALJ found Plaintiff not to be a credible witness and discredited the severity of Plaintiff's subjective complaints. 20 C.F.R. § 404.1513(d); 20 C.F.R. § 416.913(d). It was proper for the ALJ to rely on Plaintiff's daily activities, such as, inter alia, completing household chores, gardening, traveling via foot or public transportation, to support his adverse credibility determination. See, e.g., Thomas, 278 F.3d at 958-59 (ALJ may properly consider inconsistencies between claimant's testimony and claimant's daily activities); Morgan v. Apfel, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (daily activities inconsistent with total disability undermined subjective testimony of disabling pain); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, including ability to drive); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)(ALJ may properly rely on daily activities inconsistent with claim of disabling pain).

Further, the ALJ relied upon inconsistent statements made by Plaintiff to the Social Security Administration ("SSA") and at the hearing. (AR at 20-21.) First, Plaintiff stated that he did not possess a license and was unable to procure employment as a salesperson to the SSA interviewer. (Id. at 107.) Despite the claim that Plaintiff had no license, the SSA interviewer later observed Plaintiff

entering the driver's side of the car and driving away. (Id.) At his hearing, Plaintiff testified that he last drove an automobile in March 2005, at which time he received a driving under the influence ("DUI") violation and had his license revoked. (Id. at 399-400.) Plaintiff contends that he was referring to his lack of a salesperson license when he told the SSA interviewer that he did not possess a license. (JS at 6.) However, Plaintiff indicated on October 10, 2004, in his disability benefits reconsideration application that he did not have either license. (AR at 32.) Even allowing Plaintiff the benefit of the doubt, his license revocation date occurred six months after his reconsideration application. (Id. 32, 400.) At the very least, Plaintiff's assertion on his reconsideration application is inconsistent with his testimony regarding his license revocation.

Next, the ALJ relied upon Plaintiff's inconsistent statements regarding his DUI violations to the Veteran's Administration, a psychiatric consultative examiner, and a worker's compensation examiner. (AR at 20-21.) On October 11, 2003, Plaintiff reported only one DUI violation (received in 1983) to a worker's compensation psychiatrist. (Id. at 156, 164.) On September 20, 2004, Plaintiff stated to a psychiatric consultative examiner that he had only two DUI violations. (Id. at 237.) ) On September 16, 2005, Plaintiff reported receiving nine DUI violations, with his last violation in March 2005. (Id. at 343-45.) With regard to the 2003 and 2004 statements, Plaintiff contends that, "there is nothing inconsistent because the statements were made a year apart and the ALJ failed to inquire in [sic] there was another DUI in the time between statements." (JS at 6.) Plaintiff hints that one DUI violation occurred sometime between October 11, 2003, and September 20, 2004, but fails to provide any evidence to substantiate this. Also, while it is conceivable that Plaintiff received seven additional DUI violations between September 2004 and March 2005, he fails to provide any explanation in the Joint Stipulation or otherwise regarding these additional violations. This Court

finds that Plaintiff's statements are suspect and inconsistent, as he asserts a different number of DUI violations at various times.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms of disabling gastrointestinal impairments and severe depression.

**B.    The ALJ Accorded Proper Weight to the Opinions of Plaintiff's Treating and Consultative Sources.**

Plaintiff contends that the ALJ improperly rejected the opinions of his treating physicians, Dr. Jens Dimmick and Dr. Thomas Curtis. (JS 13-14, 19, 21-22.) Plaintiff further contends that the ALJ accorded improper weight to the opinions of Plaintiff's treating and consultative doctors or examiners. (Id.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas, 278 F.3d 947, 957 (9th Cir.

2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

Here, the ALJ stated the following regarding Plaintiff's alleged impairments:

> Regarding the claimant's allegations of gastrointestinal complaints, there [are] no objective diagnostic tests that support the claimant's exaggerated subjective complaints. . . .
>
> There is no objective evidence to support the multiple gastrointestinal complaints of the claimant. I find no credible evidence that his gastrointestinal complaints impose any functional limitations. Based solely on subjective complaints the State Agency physicians reduced the claimant to medium work activities, I have given the claimant the benefit of the doubt in supporting this residual functional

11

> capacity. These minor limitations would still permit the performance of a full range of medium exertional work.
>
> There is no evidence of a severe mental impairment. . . . The more recent [mental residual functional capacity] opinion does not find any severe impairment or functional limitations.

(AR at 22-23)

The Court finds there to be specific and legitimate reasons for rejecting the opinions of the two treating physicians. Andrews, 53 F.3d at 1041; Magallanes; 881 F.2d 751; Miller, 770 F.2d at 849. First, Dr. Dimmick concluded that Plaintiff had a permanent and stationary gastrointestinal disability caused primarily by stress from his former job. (AR at 263.) Dr. Dimmick also concluded that Plaintiff should avoid exposure to stress and should work within thirty to fifty feet of a restroom. (Id.) However, Dr. Dimmick's conclusion is unsupported by the objective medical record. (Id.) Specifically, Dr. Dimmick performed a series of examinations of Plaintiff's abdominal area, which suggested no gastrointestinal abnormalities. (Id.) Dr. Dimmick also noted that Plaintiff's peptic ulcer disease was resolved. (Id.) As a result, Dr. Dimmick's finding of disability was primarily based on Plaintiff's subjective complaints. These complaints were properly discounted by the ALJ. (Id. at 20-22, 363); see also discussion infra Part IV. A.

The ALJ also noted that despite Plaintiff claiming to have gastrointestinal symptoms, such as irritable bowel syndrome, Plaintiff disclosed that he had no previous physical examination to a psychiatric examiner. (AR at 21, 236.) Thus, the ALJ properly rejected Dr. Dimmick's conclusory medical findings for specific and legitimate reasons, i.e., inadequate support in the record and independent clinical evidence. (AR at 21); Thomas, 278 F.3d at 957; Andrews, 53 F.3d at 1041; Matney, 981 F.2d at 1019; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849.

Next, Plaintiff contends that the ALJ improperly considered the opinion of his treating psychiatrist, Dr. Curtis. (JS at 13-14, 21-22.) Dr. Curtis concluded in his October 11, 2003, report that Plaintiff was temporarily totally disabled based on physical and emotional impairments. (AR at 175.) Dr. Curtis further concluded that Plaintiff's emotional impairments were moderate. (Id.) Dr. Curtis also discussed the stress caused by Plaintiff's previous employer-employee relationship and previous workplace environment, but did not clearly comment on Plaintiff's ability to return to his previous profession. (Id. at 175-79.) Despite Dr. Curtis' medical opinion, the ALJ relied upon the treatment notes and other independent evidence in the record to reject the opinion. First, the ALJ stated, "The treatment notes from Dr. Curtis reflect very conservative and successful treatment that included deep breathing and imagery. The claimant reported that he felt better, was calm and requested Viagra for his libido." (AR at 22 (citations omitted); 47-54.) The ALJ properly discounted Dr. Curtis' medical opinion finding Plaintiff temporarily totally disabled as this finding is not supported by the prescribed mild treatment plan and corresponding progress notes. Thomas, 278 F.3d at 957; Matney, 981 F.2d at 1019.

Additionally, the ALJ relied on other medical opinions to reject Dr. Curtis' opinion. First, the ALJ pointed to the assessment of Dr. Abejula, a consultative psychiatric examiner. (AR at 235-42.) Dr. Abejula concluded that Plaintiff had mild depression and mild anxiety with no mental restrictions in Plaintiff's occupational and social functioning. (Id. at 240.) Dr. Abejula stated that Plaintiff's "limitations range from none to mild." (Id. at 241.) The ALJ also relied upon a state certified psychiatrist whose psychiatric review found that Plaintiff had no severe mental impairment. (Id. at 243.) The ALJ further noted that the record provided no evidence of Plaintiff's alleged weight loss due to depression. (Id. at 283, 349.) Thus, the ALJ properly relied upon other medical opinions that Plaintiff

only had mild mental impairments. (AR at 22.) Here again, the ALJ provided specific and legitimate reasons, supported by contradictory medical opinions, to reject the opinion of Dr. Curtis. Thomas, 278 F.3d at 957; Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849.

Based on the foregoing, the Court finds that the ALJ properly set forth specific and legitimate reasons, supported by substantial evidence in the record, to support his discounting of the medical opinions of Drs. Dimmick and Curtis.

**C.    The ALJ Properly Determined that Plaintiff Lacked Non-Exertional Impairments Sufficient to Require VE Testimony.**

Plaintiff's final contention is that the ALJ improperly determined that Plaintiff lacked non-exertional limitations and, thus, erred by failing to obtain VE testimony. (JS at 25.) The Court finds no error in the ALJ's determination of Plaintiff's limitations (see discussion infra Part IV. A, B), and disagrees with Plaintiff's contention.

Here, the ALJ opined that Plaintiff "has the residual functional capacity to do a full range of medium work activities. Specifically, the claimant can occasionally lift and/or carry 50 and frequently 25 pounds; he can stand and/or walk six hours in an eight-hour workday and sit without restriction." (AR at 20.) The ALJ further concluded that Plaintiff was capable of performing his past relevant work as a car salesperson or a manager in a Tuxedo store. (AR at 23.)

According to the Dictionary of Occupational Titles ("DOT"), an Automobile Salesperson and a Retail Store Manager must be able to perform light work. See U.S. Dep't of Labor, Dictionary of Occupational Titles, 185.167-046, 273.353-010 (4th ed. Rev. 1991). Consequently, Plaintiff's past relevant work is consistent with the ALJ's residual functional capacity finding. Since the ALJ found that Plaintiff was not disabled for purposes of receiving disability benefits and could perform his

past relevant work (AR 17-24), the ALJ was not required to obtain VE testimony. Thus, there was no error. <u>Tackett</u>, 180 F.3d at 1098; 20 C.F.R. § 404.1520.

## IV.

## **ORDER**

IT IS HEREBY ORDERED THAT Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: July 22, 2008

                         HONORABLE OSWALD PARADA
                         United States Magistrate Judge